[File No. 6437.]

FIRST NATIONAL BANK & TRUST COMPANY OF MINNE-APOLIS, Successor in Interest to First National Bank in Minneapolis, a Banking Corporation, Appellant, v. IRENE G. STONE-HOUSE, Executrix, Donnolly O. Thompson, Lottie Clare, Lenore Thompson, and Earl Stonehouse, Respondents.

(269 N. W. 51.)

Opinion filed September 19, 1936.

*S. W. Thompson,* for appellant.

12

*J. A. Walsh* and *Murphy, Toner & Kilgore,* for respondents.

BURR, J. Anna Thompson owned real estate in Ramsey county. By will she left her property to her four children, among whom were Lottie Clare and Lenore Thompson. The will was admitted to probate in Grand Forks county in December, 1934. Apparently the real estate involved was the only property in the estate.

In July, 1935, the plaintiff commenced an action in the district court of Ramsey county against the daughters Lottie and Lenore and attached their interests in the real estate.

In September, 1935, the executrix petitioned the county court for leave to sell the real estate to pay the debts of the decedent and the costs of the administration. Thereunder the property was sold on October 28, 1935, and a surplus of $4,252.56 remained after paying the debts and costs. The executrix filed her final report and account; a decree of distribution was entered giving each of the daughters involved one-fourth of the surplus; this was paid to them, the estate closed on October 29, 1935, and the executrix discharged.

On October 11, 1935, the plaintiff obtained a judgment for $6,517.90 in rem against these two daughters, and on October 22, 1935, filed with the county court of Grand Forks county, in this estate, certified copies of the judgment, the warrant of attachment, and the notice of levy under the attachment. A special execution under attachment was issued, the interests of these two daughters in the real estate sold, and a certificate of sale issued to the plaintiff on November 9, 1935.

On November 19, 1935, the plaintiff petitioned the county court of Grand Forks county for an order "vacating and setting aside the order allowing the final report and account of the executrix and the final decree entered" in the estate of Anna E. Thompson, deceased, and for leave to intervene in the probate proceedings. This proceeding on the part of the plaintiff is based on the claim that by reason of its attachment lien and subsequent judgment it became the successor in interest of these two daughters in their mother's estate, that the executrix knew of its claim and gave no notice to plaintiff of any application

for distribution of the surplus and closing of the estate, and that under the law plaintiff is entitled to the share paid to these two daughters. The county court denied the petition, the district court sustained the action of the county court, and the plaintiff appeals.

There is no attack on the regularity of the proceedings whereby plaintiff obtained the judgment against these two daughters, nor on the regularity of the proceedings in the county court other than it is the claim of plaintiff that the shares in the estate paid to these two daughters should have been paid to the plaintiff under the facts stated.

Plaintiff concedes that the executrix had the right to sell the real estate to pay the debts of the decedent; but claims that its attachment lien was, by operation of law, transferred from the interests of the heirs in the property to the interests of the heirs in the proceeds of the sale, and that it was the duty of the county court to assign to the plaintiff the shares in the estate which would otherwise have been assigned to these two daughters, under chapter 144 of the Session Laws of 1931, amending § 8852 of the Comp. Laws, which provides: "Partition or distribution of the real and personal estate may be made as provided in this chapter, although some of the original heirs, legatees or devisees may have conveyed their share to other persons and such shares must be assigned to the persons holding the same, in the same manner as they otherwise would have been, to such heirs, legatees or devisees." No attack is made upon the closing of the estate—the attack is directed to refusal of the court to reopen the estate. We need not determine whether the attachment lien on real estate was transferred to the proceeds of the sale; nor whether the alleged transfer of the attachment lien is such conveyance as is included in chapter 144 of the Session Laws of 1935; nor whether the county court, not being a court of equity jurisdiction, could pass upon the validity of the plaintiff's lien or proceed to foreclose it, nor whether this would be necessary. Neither do we need to determine what effect the filing of the certified copies of the attachment, notice of levy, and judgment had on the liability of the executrix or on the administration of the estate; nor need we discuss whether the plaintiff has an action against the executrix for paying these heirs after the filing of these certified copies. At the time the application to reopen was made the heirs had been paid under a decree of final distribution. The plaintiff herein was not a party to the

proceedings in the county court; and while the county court has authority and power in each case "to require by order an executor . . . 'or other person subject to the jurisdiction of the court to perform any duty imposed on him by statute or by the court under the authority of the statute" (Comp. Laws, § 8534), the application can be made by a party only. The plaintiff seeks the right to intervene; but intervention cannot be had after a matter is settled. While the rules of civil procedure may be applicable to the proceedings in county court, intervention is only permitted before trial. Comp. Laws, § 7413. The estate has been closed. The money paid to the debtors is no longer under the control of the court. No authority is cited suggesting that the administration of an estate can be opened at the application of one not a party to the administration and, with reference to the settlement of the account of the executor, "The settlement of the account and the allowance thereof by the court, or upon appeal, is conclusive evidence against all persons in any way interested in the estate, saving, however, all persons laboring under any legal disability, their right to move for cause to reopen and examine the account. . . ." Comp. Laws, § 8837. Had the estate been reopened, it would not benefit the plaintiff. There was nothing the county court could do for it.

The judgment of the lower court is affirmed.

BURKE, Ch. J., and NUESSLE, MORRIS and CHRISTIANSON, JJ., concur.